## ELIZABETH DOWNS *v.* JOHN McGLYNN.

In an action against a constable for failure to return an execution issued to him, and to pay the amount collected, it appeared that the defendant, after receiving the execution, delivered it to another constable, who made the money upon it, and offered it to plaintiff, less a certain sum which plaintiff had agreed to pay him for making the collection.

*Held,* that, notwithstanding these facts, the plaintiff was entitled to recover.

When an execution is duly issued to a constable, it becomes his duty to execute it in person. He has no power to substitute another constable in his place.

A bargain between the plaintiff in an execution, and the officer holding it, for the payment of a compensation beyond that allowed by law for the collection, is void.

Whether, under section 57 of the District Courts Act (1 Laws of 1857, 707), a constable is liable for a mere neglect to return an execution, where he has not made anything upon it, *quære.*

APPEAL, by plaintiff, from a judgment of the Sixth District Court. The defendant was a constable of the court, and was sued for neglect to return an execution issued to him in favor of the plaintiff. The facts are fully stated in the opinion.

*Henry Coulter,* for the appellant.

*Diefendorf & Aikin,* for the respondent.

By the Court, BRADY, J.—The defendant was sued for neglecting to return an execution, issued to him as a constable from the Sixth District Court of this city, in favor of the plaintiff. The defendant admitted the receipt of the execution, and that he had not returned it, but sought to shield himself from liability by showing that he delivered it to another constable named Cushing, who, after he had received it from the defendant, collected the amount, and, it seems, offered it to the plaintiff, less $10, which she agreed to pay Cushing if he collected the amount saving her from all risks of replevin, &c. The plaintiff objected to the proof of the witness Cushing, but no exception was taken to the decision

of the justice overruling the objection. It also appeared, by the testimony of the defendant, that he had never requested Cushing to pay the plaintiff the money, or to pay it into court. The 57th section of the act relating to the district courts (1 Laws of 1857, 707, § 57) provides that a constable shall be liable to a party in whose favor an execution is issued to him, for the amount thereof, "when he suffers the twenty days to elapse without making a true return thereof, and filing the same with the clerk of the court, and paying to him, or to the party entitled thereto, the money collected thereon by him." The plaintiff based her action on the section referred to, and was entitled to recover. Section 52 of the act of 1857 provides that the execution issued out of the district courts must be directed to a constable of the city of New York, and, when this has been done, it is hardly necessary to state that it becomes the duty of the constable to execute it diligently, and according to law. He is not gifted with the power of substitution, and cannot shake off the burden of discharging his duty. He may do so, perhaps, by consent of the party in interest; but the courts would look with jealousy upon such a proceeding, to see that no undue advantage was taken of the judgment creditor. In this case, when the transfer of the process was made by the defendant, the constable, Cushing, to whom it had been given, proceeded to make a void bargain (*Hatch v. Mann*, 15 Wend. 44) for the price to be paid for collecting it, and, it would seem, as before stated, after he had made the money, offered it to the plaintiff, less the amount to be paid him under the agreement. Neither he nor the defendant paid the money into court, and thus this case furnishes an illustration of the evils to spring from any rule other than that holding these officers to a strict accountability. The defendant possessing no power to delegate his trust to another, and the money having been made on the execution delivered to him, the presumption of law is that he made it under and by virtue of the execution, and, having failed to return it, and to pay over, his liability was consummated. He must look to his deputy for indemnity, and cannot complain if he fails to acquire it in that direction. There

may be some doubt whether, under the 57th section considered, a constable is liable for a mere neglect to return an execution, not having made anything upon it, but that question does not necessarily arise. The money was made in this case, and the defendant must be subjected to the legal maxim " *qui facit per alium facit per se.*"

Judgment reversed.